WESLEY LEE BURKETTE AND WIFE, ELIZABETH F. BURKETTE v. GEORGIA INTERNATIONAL LIFE INSURANCE COMPANY

No. 768SC628

(Filed 2 March 1977)

Insurance § 41— disability insurance — date of accident or sickness — no coverage — summary judgment proper

In an action to recover damages for wrongful breach of a contract of insurance where plaintiffs alleged that on 6 August 1973 defendant issued a policy of credit life and disability insurance naming male plaintiff as the insured, and the male plaintiff became totally disabled on 25 June 1974, the trial court properly granted summary judgment for defendant where plaintiffs admitted that the date the accident occurred or sickness began was January 1973, more than six months prior to issuance of the policy, and, by the clear terms of the policy, no coverage was provided.

---

---

APPEAL by plaintiffs from *Graham, Judge.* Judgment entered 22 April 1976 in Superior Court, LENOIR County. Heard in the Court of Appeals 11 January 1977.

This is a civil action to recover damages for wrongful breach of a contract of insurance.

In connection with a loan obtained 6 August 1973 from Branch Banking and Trust Company, plaintiffs purchased a policy of credit life and disability insurance, No. IL-395185, issued by defendant insurance company. The policy, dated 6 August 1973, named the male plaintiff, Wesley Lee Burkette, as the insured. It provided that the insurance company would pay benefits "if sickness originating after the date of this policy and while this policy is in force or accidental bodily injury suffered while this policy is in force, . . . shall wholly and continuously disable the Insured. . . ."

On 11 November 1975 the plaintiffs filed their complaint in this action, alleging that the male plaintiff became totally disabled within the meaning of the policy on 25 June 1974 but that defendant insurance company had wrongfully refused to make payments according to the terms of its contract.

Defendant filed answer admitting it issued the policy but denying it was liable to pay benefits under the policy. Defendant alleged that if the male plaintiff became disabled, his disability resulted from an injury which occurred on 25 January 1973 and therefore benefits were not payable under the terms of the policy. Defendant attached a copy of the policy as an exhibit to its answer.

Defendant served on plaintiffs a request for admissions in which it requested plaintiffs to admit the genuineness of a notice of claim for disability benefits dated June 1974, and signed by Wesley Lee Burkette on policy No. IL-395185. Defendant also requested that plaintiffs admit that on this notice of claim they had entered "January 1973" as the "[d]ate accident occurred or sickness began." Plaintiffs answered the defendant's request for admissions and admitted that the notice of claim for disability benefits dated June 1974, was genuine and admitted that "[o]n the notice for disability benefits dated June, 1974 plaintiff entered January 1973 as the date of the accident."

Defendant filed a motion for summary judgment, supporting this motion by the admissions of the plaintiffs and by an

affidavit of defendant's secretary which incorporated defendant's answer and its attached copy of Policy No. IL-395185. In this affidavit the affiant also stated that the only notice of claim for disability benefits filed by the male plaintiff under said policy was the notice dated June 1974, on which the male plaintiff entered January 1973, as "[d]ate accident occurred or sickness began."

Plaintiffs filed nothing in response to defendant's motion for summary judgment. The motion was allowed, and from judgment dismissing their action, plaintiffs appeal.

*Turner and Harrison by Fred W. Harrison for plaintiff appellants.*

*Wallace, Langley, Barwick, Llewellyn & Landis by P. C. Barwick, Jr., for defendant appellee.*

PARKER, Judge.

The only question presented is whether summary judgment for defendant was properly entered. We hold that it was.

No genuine issue exists between the parties as to the terms of the policy or the date it was issued. Plaintiffs alleged in their complaint that the male plaintiff became disabled within the meaning of the policy on 25 June 1974. However, in response to defendant's request for admissions, plaintiffs admitted that in June 1974, the male plaintiff had signed and had filed with the defendant insurance company a notice of claim for disability benefits in which he had stated January 1973, as the "[d]ate accident occurred or sickness began." This was six months prior to the date of the policy, and by the clear terms of the policy no coverage was provided. The affidavit of defendant's secretary, filed by defendant in support of its motion for summary judgment, states that no other claim for disability benefits under the policy was filed by the plaintiffs. The plaintiffs have filed no counteraffidavit to show the contrary.

The materials filed by the defendant in support of its motion for summary judgment show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Plaintiffs have filed nothing to show that a genuine issue as to any material fact exists, but have chosen to rely solely upon the broad allegation in their complaint that the male plaintiff became totally disabled within

the meaning of the policy on 25 June 1974. Even if true, such an allegation would not establish coverage under the policy. It is not the date the insured becomes totally disabled, but the date his sickness originates or his accidental bodily injury occurs, which is significant in determining whether coverage exists under the policy. The only claim which they filed to obtain disability benefits under the policy shows no benefits are payable. Plaintiffs have filed nothing to show that the claim which they filed was not correct or to show that in fact the insured's sickness did originate after the date of the policy or that he suffered accidental bodily injury while the policy was in force.

Moreover, G.S. 1A-1, Rule 56(e) provides in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The motion of defendant was made and supported as provided by Rule 56. Plaintiffs did not respond. Summary judgment for defendant was appropriate.

Affirmed.

Judges MARTIN and ARNOLD concur.